IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE AT COLUMBIA

MANUEL De JESUS MARTINEZ
and GUSTAVO A. DIAZ,

    PLAINTIFFS,

v.                                                           No. _____
                                                              JURY DEMAND

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC, d/b/a SWIFT LEASING
CO., LLC and DAVID ALLEN
GODWIN,

    DEFENDANTS.
_____/

## COMPLAINT

PLAINTIFFS, MANUEL De JESUS MARTINEZ and GUSTAVO A. DIAZ, through their Attorney of Record, Matthew E. Wright of Wright Law, PLC, sue the DEFENDANTS, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, d/b/a SWIFT LEASING CO., LLC and DAVID ALLEN GODWIN, and for their claims for relief state as follows:

PARTIES

1.    Plaintiff, Manuel De Jesus Martinez ("**MR. MARTINEZ**") or "**PLAINTIFF MARTINEZ**") is a citizen and resident of Los Indios, Cameron County, Texas.

2.    Plaintiff, Gustavo A. Diaz ("**MR. DIAZ**") or "**PLAINTIFF DIAZ**") is a citizen and resident of Columbus, Franklin County, Ohio.

3.    Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, d/b/a SWIFT LEASING CO., LLC ("**SWIFT TRANSPORTATION**") on information and belief is a foreign, for-profit corporation organized and existing under the laws of Arizona with

1

a principal office located at 2200 S. 75th Avenue, Phoenix, Arizona. SWIFT TRANSPORTATION is a registered motor carrier with the Department of Transportation, No. 54283 and a Motor Carrier Registration No. MC-136818. As stated in recent MCS-150 filings, SWIFT TRANSPORTATION has 17,819 tractors and 21,613 drivers operating on interstate highways and logged 1,918,576,289 miles in 2016. SWIFT TRANSPORTATION may be served process by serving its BOC-3 registered agent for service of process, F. TURNEY THOMPSON, NATIONAL RESIDENT AGENT SERVICE, INC., 118 LEE PARKWAY DR., SUITE 205, CHATTANOOGA, TN 37421.

4. Defendant, DAVID ALLEN GODWIN ("**DEFENDANT GODWIN**") ("**DEFENDANTS**" collectively), on information and belief, is a resident of Union Grove, Alabama and can be served process at 475 Midway Road, Union Grove, Alabama 35175.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 USC 1332 (a)(1)-(2). Many of the acts complained of occurred in this District. The amount in controversy is in excess of $75,000 exclusive of costs and interest.

## FACTS

6. On November 5, 2016 at or near 6:30 a.m., DEFENDANT GODWIN operated a large commercial tractor-trailer under the authority of SWIFT TRANSPORTATION within the course and scope of his employment and/or as agent and/or as statutory employee of SWIFT TRANSPORTATION.

7. DEFENDANT GODWIN operated under the DOT authority of SWIFT TRANSPORTATION and SWIFT TRANSPORTATION is vicariously liable for his acts and/or omissions, either as a company driver or under the doctrine of statutory employer. 49 C.F.R. § 390.5; U.S.C. 49 C.F.R. § 376.11-12; 49 U.S.C. § 14102(a).

8. The tractor-trailer operated by DEFENDANT GODWIN was a 2017 Kenworth tractor-trailer, VIN 1XKYD49X2HJ132587, which was hauling a trailer *en route*, on information and belief, either for pick-up or delivery on the business of an unknown non-party motor carrier, shipper and/or broker.

9. DEFENDANT GODWIN was driving northbound on Interstate 65 in Lewisburg, Marshall County, Tennessee.

10. At or near the same time, PLAINTIFF MARTINEZ was driving northbound on Interstate 65 in a 1997 Freightliner tractor-trailer, in the same lane as DEFENDANT GODWIN. PLAINTIFF DIAZ was a passenger in the truck driven by PLAINTIFF MARTINEZ. DEFENDANT GODWIN fell asleep, was traveling at too fast a rate of speed and failed to slow to meet the traffic conditions in front of him. DEFENDANT GODWIN slammed into the rear-end of PLAINTIFF MARTINEZ's vehicle, causing PLAINTIFF MARTINEZ's vehicle trailer hitch to break and lose the three drive-away, tow-away vehicles it was pulling. The trailing unit ran off the road on the right side and came to a final rest on its side.

## COUNT I—NEGLIGENCE (SWIFT TRANSPORTATION)

11. The preceding paragraphs are hereby re-alleged as if fully restated herein.

12. At all times material hereto, Defendant SWIFT TRANSPORTATION had duties to exercise reasonable care in the hiring, training and retention of drivers, including DEFENDANT GODWIN the operation of trucks to avoid causing injuries and possible death to others, including PLAINTIFFS. These duties included the duties to comply with all applicable provisions of the Federal Motor Carrier Safety Regulations and Tennessee regulations and laws. 49 C.F.R. § § 383, 386, 390, 391, 392, and 395.

13. Defendant SWIFT TRANSPORTATION breached the duties it owed to PLAINTIFFS by committing one or more of the following acts of negligence:

   a. Failing to properly hire properly qualified and/or trained drivers for operation of commercial trucks, including DEFENDANT GODWIN.;

   b. Failing to properly train drivers for operation of commercial trucks, including DEFENDANT GODWIN.

   c. Negligently retaining Drivers, including DEFENDANT GODWIN;

   d. Allowing, encouraging, and/or permitting its drivers to operate commercial trucks while impaired, fatigued or distracted;

   e. Failing to promulgate and enforce adequate policies and rules regarding the operation of commercial trucks;

   f. Otherwise failing to use reasonable care.

14. These breaches proximately and legally caused the injuries and damages, as set forth more fully below.

COUNT II—NEGLIGENCE/NEGLIGENCE *PER SE*—
GODWIN AND SWIFT TRANSPORTATION

15. The preceding paragraphs are hereby re-alleged as if fully restated herein.

16. DEFENDANT GODWIN was negligent (for which SWIFT TRANSPORTATION, is liable as a statutory employer) and failed to use reasonable care by committing one or more of the following acts or omissions:

   a. Negligently and carelessly operating a large commercial vehicle without keeping a safe and proper lookout for other vehicles on the roadway;

   b. Failing to avoid a collision, when in the exercise of reasonable care, the collision could have been avoided by DEFENDANTS;

   c. Operating a large commercial vehicle with disregard for the safety of others, including Plaintiff;

   d. Operating a large commercial vehicle while impaired, fatigued and/or distracted;

   e. Failing to slow due to the conditions;

   f. Otherwise failing to exercise reasonable care.

17. DEFENDANT GODWIN was also negligent *per se* (for which SWIFT TRANSPORTATION is liable as a statutory employer) by the following violations of Tenn. Code Ann. (which were in effect at all relevant times) of which PLAINTIFFS were members of the class intended by the statutes to protect and which was in full force and effect on the date in question:

   a. § 55-8-152, speed too fast for conditions;

   b. § 55-8-136, driver's failure to exercise due care.

18. As a legal result of the DEFENDANTS' negligence and negligence *per se*, PLAINTIFFS have suffered injuries and damages that are more fully set forth below.

# COUNT III - DECLARATION OF UNCONSTITUTIONALITY

19. The preceding paragraphs of this Complaint are hereby re-alleged as if fully reinstated herein.

20. PLAINTIFFS seek, pursuant to Tennessee's Declaratory Judgments Act, Tenn. Code Ann.§ 29-14-102, a judicial determination of their legal rights with respect to Tenn. Code Ann. § 29-14-102, as well as a judicial determination that Tenn. Code Ann. § 29-39-102 violates the Tennessee Constitution.

21. PLAINTIFFS allege they have suffered non-economic damages, which, based on the severity, greatly exceed the limits set forth applicable limitations of damages under Tenn. Code. § 29-39-102.

22. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates PLAINTIFFS' fundamental and "inviolate" right to trial by jury, guaranteed in Article 1, § 6 of the Tennessee Constitution, by supplanting the jury's determination of facts proven at a fair and proper trial, namely, appropriate compensation, and substituting a legislative determination, divorced from the facts of the case, that overrides the jury's constitutionally guarantee determination of those facts.

23. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the separation of powers mandated by Article II, §§ 1 & 2 of the Tennessee Constitution by permitting the General Assembly to require judges to enter judgment at odds with a jury's fair and proper verdict and the record developed in the case, as well as arrogate to itself the judicial power to suggest remittitur, and

by permitting the General Assembly impermissibly to encroach upon the adjudicative function of the judicial branch.

24. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the PLAINTIFFS' fundamental right to a full remedy, guaranteed in Article I, §§ 8 and 17 of the Tennessee Constitution.

25. A judicial determination of PLAINTIFFS' rights is necessary and appropriate at this time because the uncertainty as to whether Tenn. Code Ann. § 29-39-102 can be applied constitutionally has a direct and immediate impact on how PLAINTIFFS prepare for trial, and the future course of this litigation will be controlled by resolution of these constitutional challenges.

26. A judicial determination of PLAINTIFFS' rights is necessary and appropriate at this time because Tenn. Code Ann. § 29-39-102(g), which provides, that the existence of caps, "shall not be disclosed to the jury, but shall be applied by the court to any award of noneconomic damages." That provision is inconsistent with an instruction to the jury that it will find the amount of noneconomic damages. Jurors, as a matter of law, are presumed to know the law, and therefore to know of the existence of the caps, despite the preclusion of any mention of them.

27. Wherefore, PLAINTIFFS seek declaratory judgment, as set forth above.

## INJURIES AND DAMAGES

28. The preceding paragraphs are hereby re-alleged as if fully restated herein.

29. The conduct of some or all of the DEFENDANTS was, both at common law and/or statutorily, reckless, willful, knowing, grossly negligent, wanton, and in such total disregard for the safety of others that an award for punitive damages is

7

necessary to deter such conduct in the future. As a result of the foregoing, in addition to compensatory damages, PLAINTIFFS are entitled to recover punitive damages from DEFENDANTS and in order to deter DEFENDANTS and similarly situated third parties from committing the same or similar misconduct which endangers the general safety of the public. As a proximate and legal result of the aforesaid negligence, gross negligence, negligence per se and/or recklessness of DEFENDANTS, PLAINTIFFS suffered and will continue to suffer painful bodily injuries, emotional anguish and distress, medical bills and incidental damages. There was no act of negligence by PLAINTIFFS that was a cause or that contributed to the wreck.

30. As a proximate and legal result of DEFENDANTS' wrongful conduct as previously alleged herein, PLAINTIFFS injuries and damages caused by for which they are entitled to recover against DEFENDANTS SWIFT TRANSPORTATION and GODWIN, both jointly and severally.

31. Specifically, Manuel De Jesus Martinez has suffered a lumbar (low back) disc herniation, cervical (neck) impingement of the thecal sac and disc herniation, radiculopathy with pain radiating to both extremities, and for which he has undergone surgery. Gustavo Diaz has suffered injuries to his lower back and neck which has resulted in radicular symptoms. Both Plaintiffs have also suffered injuries and damages and bring claims for permanent bodily injuries, physical pain and suffering, past and future, mental anguish, lost wages and impairment to earning capacity, impairment to the capacity to enjoy life, for medical expenses, past and future, and for all other damages available at law and equity.

8

**WHEREFORE**, PLAINTIFFS demand:

1. For process to issue and serve;

2. For judgment for compensatory damages;

3. For judgment for punitive damages;

4. For trial by jury.

PLAINTIFFS further request that all issues in this case be tried before a jury of six (6) duly qualified and impaneled citizens of our community.

Respectfully submitted,

WRIGHT LAW, PLC

*s/Matthew E. Wright*
By: Matthew E. Wright, #22596
219 Third Ave., North
Franklin, TN 37064
Phone: (615)812-1351
Fax: (615) 468-4530
mwright@wrightlawplc.com
www.wrightlawplc.com

ATTORNEY FOR PLAINTIFFS

9